**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN M. PENN,                                       No. C 07-2230 SI (pr)

    Petitioner,                               **ORDER TO SHOW CAUSE**

    v.

ROBERT AYERS, JR., warden,

    Respondent.
                                         /

## INTRODUCTION

Kevin M. Penn, an inmate at San Quentin State Prison, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Penn's petition and exhibits thereto indicate that he was convicted in San Bernardino County Superior Court of attempted first degree murder and was found to have used a deadly weapon. He was sentenced in 1992 to a term of life in prison with the possibility of parole plus five years. His petition does not challenge his conviction but instead challenges a decision by the Board of Parole Hearings ("BPH") at a June 1, 2006 hearing that found him not suitable for parole.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Penn alleges that his right to due process was violated because there was not sufficient evidence to support the BPH's decision to deny him parole and that the decision was arbitrary and capricious. Liberally construed, the allegations state a cognizable claim for a due process violation. See Board of Pardons v. Allen, 482 U.S. 369 (1987); Sass v. California Board of Prison Terms, 461 F.3d 1123, 1128-29 (9th Cir. 2006) (adopting some evidence standard for disciplinary hearings outlined in Superintendent v. Hill, 472 U.S. 445, 454-55 (1985)); Biggs v. Terhune, 334 F.3d 910 (9th Cir. 2003).

**CONCLUSION**

For the foregoing reasons,

1.  The due process claim warrants a response.

2.  The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3.  Respondent must file and serve upon petitioner, on or before **July 13, 2007**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the parole hearing record that have been previously transcribed

1 | and that are relevant to a determination of the issues presented by the petition.

2 |     4.    If petitioner wishes to respond to the answer, he must do so by filing a traverse
3 | with the court and serving it on respondent on or before **August 17, 2007**.

4 |     IT IS SO ORDERED.

5 | DATED: May 11, 2007

*[signature]*
SUSAN ILLSTON
United States District Judge